UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

BIBI BAKSH, and, )
SHARON DUNN, as Parent, Guardian, )
And Next Friend of her daughter, M.M., a )
a minor, and ON BEHALF OF )
THEMSELVES AND ALL OTHERS )
SIMILARLY SITUATED, )
)
    Plaintiffs, )
)
v. )   Case No. 7:20-CV-01845
)
IVYREHAB NETWORK, INC. )
)
    Defendant. )

## [~~PROPOSED~~] ORDER AND JUDGMENT
## GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' Unopposed Motion requesting that the Court enter an Order granting final approval of the class action Settlement involving Plaintiffs Bibi Baksh and Sharon Dunn (as guardian of minor M.M.) ("Plaintiffs" or "Settlement Class Representatives") and Defendant IvyRehab Network, Inc. ("Defendant") as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and the motion for attorneys' fees, costs, and service award and the motion for final approval of the settlement, and having conducted a Final Approval Hearing, *and for the reasons set forth on the record on 1/27/21,* the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

THE COURT being required under Rule 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

IT IS ON THIS 27th day of January, 2020,

**ORDERED** that:

1. The Settlement involves allegations in Plaintiffs' Class Action Complaint that Defendant failed to safeguard and protect the personally identifiable information and/or protected health information of its patients and that this alleged failure caused injuries to Plaintiffs and the Class.

2. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On 9/23/20 the Court entered an Order which, among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the class, appointed Plaintiffs as the Settlement Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; (f) set the date for the Final Approval Hearing.

5. In the Order Granting Preliminary Approval of Class Action Settlement, pursuant to Rule 23(b)(3) and 23(e), the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> All individuals who utilized IvyRehab's services whose private information was maintained on IvyRehab's system, which was compromised in a cybersecurity incident announced by IvyRehab on or about November 26, 2019 (the "Data Incident").

The Settlement Class specifically excludes: (i) Defendant's officers, directors, and employees; (ii) any entity in which Defendant has a controlling interest; (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant; and (iv) members of the judiciary to whom this case is assigned, their families and members of their staff.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and defines the Settlement Class as defined herein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Rule 23(e).

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

   a. A process by which Settlement Class Members can submit claims for both credit monitoring services and compensation that will be evaluated by a Settlement Administrator mutually agreed upon by Settlement Class Counsel and Defendant.

   b. Defendant to pay all Notice and Administration Costs.

   c. Defendant to pay a Court-approved Incentive Award in the amount not to exceed $1,000 to each Settlement Class Representative.

   d. Defendant to pay Court-approved attorneys' fees, costs, and expenses of Settlement Class Counsel in the amount of $150,000.

8. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are

hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

9. Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Incentive Award have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice program has been filed with the Court.

10. The Court finds that such Notice as therein ordered, constituted the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).

11. As of the final date of the Opt-Out Period, 20 potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. The names of those persons are set forth in Exhibit A to this Order. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

12. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. Pursuant to the Settlement Agreement, Defendant, and the Settlement Administrator shall implement the Settlement in the manner and time frame as set forth herein.

14. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendant and all Released Parties, as defined in the Settlement

Agreement, as follows:

> any and all claims or causes of action, whether known or unknown, that concern, refer or relate to (a) the cybersecurity incident announced by IvyRehab on or about November 26, 2019; (b) all other claims that were asserted, or that could have been asserted, in the Lawsuit.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Settlement Agreement and shall not include the claims of those persons identified in Exhibit A to this Order who have timely and validly requested exclusion from the Settlement Class.

15. On the Effective Date, (i) Plaintiffs, the Settlement Class Members, and each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them (collectively and individually, the "Releasors"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Parties from the Released Claims.

16. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

17. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

IT IS SO ORDERED this 27th day of January, 2020.

_Cathy Seibel_
U.S.D.J.

Presented by:

**MASON LIETZ & KLINGER, LLP**

/s/
―――――――――――――――
Gary E. Mason
David K. Lietz
5101 Wisconsin Ave. NW, Ste. 305
Washington, DC 20016
Tel: (202) 429-2290
Fax: (202) 429-2294
gmason@masonllp.com
dlietz@masonllp.com

Gary M. Klinger
227 Monroe Street, Ste. 2100
Chicago, IL 60606
Tel: (312) 283-3814
gklinger@masonllp.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

/s/
―――――――――――――――
Peter J. Larkin
1133 Westchester Avenue
White Plains, NY 10604
Tel: (914) 323-7000
peter.larkin@wilsonelser.com

Anjali C. Das
Jennifer S. Stegmaier
Geoffrey A. Belzer
55 West Monroe Street, Suite 3800
Chicago, IL 60603
Tel: (312) 704-0550
Fax: (312) 704-1522
anjali.das@wilsonelser.com
jennifer.stegmaier@wilsonelser.com
geoffrey.belzer@wilsonelser.com